## COLBY *versus* LAMSON.

Where the wife is carrying on business on her own account and credit, no action can be maintained against *her husband* for purchases of personal estate made by her in such business, although made with *his* knowledge and consent.

Nor will the fact that she appropriated a portion of the proceeds of such purchase for the benefit of her husband and family, make *him* responsible for the price.

ON EXCEPTIONS from *Nisi Prius*, SHEPLEY, C. J., presiding.

ASSUMPSIT to recover the value of a quantity of millinery goods, delivered to defendant's wife while living with him, at sundry times in 1852 – 3. The amount due plaintiff was $465,67, and the evidence tended to show that the goods were delivered to the wife with the knowledge and consent of defendant, and that defendant had received benefit from a portion of the proceeds of such goods thus bought and sold by the wife, some going to the support of his family, and some to repairs of his house, and that he had made one payment to plaintiff on account of these purchases and then promised to pay more, and had at different times exercised acts of ownership over the goods, and had mortgaged them as his own.

There was other evidence tending to show that plaintiff gave credit to the wife alone.

The jury were instructed, *that* under our laws the wife, living with husband, might carry on. business on her own account, distinct from her husband; *that* he might have knowledge of the same, and even aid her in the business, as her clerk or otherwise, and yet it may be her business and he would not be chargeable; *that* she might make sales and purchases, and contract with reference to such business as a *feme sole* could, and if carrying on business upon her own account and credit, though with the knowledge and assent of the husband, the property by her purchased would be her property and not his, and she would be liable for the

purchase made, and not the husband; but if he authorized her to contract on his account, then he would be liable; *that,* if she was carrying on the business upon her own account and credit, she would have the right to apply the proceeds as she pleased, to the support of his family or otherwise, and it would not charge him; and *that* it was for the jury to consider, whether the wife did the business and made the purchases upon her own account and credit, or upon the account of the husband.

If upon her account he would not be liable, but if upon his account with his consent he would be.

A verdict was returned for defendant, and plaintiff excepted.

*Littlefield,* for defendant.

*Strout,* for plaintiff.

Rice, J. — The legislature of this State, during the last ten years, have made very important changes in the principles of the common law, applicable to husband and wife. The effect of these changes upon the existing legal relations of married persons, not only as between themselves, but also as between them and other members of the community, it is impossible to foresee. The law applicable to married persons, was, before these changes were made, well defined, and its application to all the existing relations in society, well understood. After the serious inroads which have been made upon the common law, it will require much time and patient labor to readjust its provisions, and adapt its principles to other existing laws so as to produce harmonious action, and cause the rights of parties who sustain different relations in life, to be fully understood. To accomplish this object must be the work of time, and it is also to be apprehended will be the occasion of much litigation.

The statute of 1847, c. 27, § 1, provides that any married woman may become seized or possessed of any property, real or personal, by direct bequest, demise, gift, purchase or

distribution, in her own name, and as of her own property, exempt from the debts or contracts of her husband.

It has been decided, that under this act a married woman may take a conveyance of real estate directly from her husband, and that such conveyance will be valid against all parties except the prior creditors of the husband. *Johnson* v. *Stillings*, 35 Maine, 427. There would seem to be less objection to her becoming the purchaser of personal property from a stranger.

But it is contended, that inasmuch as the promissory note of a married woman is void, therefore she cannot become the purchaser of personal estate. This Court did decide, in the case of *Howe* v. *Wildes*, 34 Maine, 566, that the statutes then in force relating to the rights of married women, did not remove the common law disability, which prevented a married woman from giving a valid promissory note. And in *Swift* v. *Luce*, 27 Maine, 285, it was decided that the common law was not so far altered by the Act of 1844, c. 117, as to enable a *feme covert* to sell her personal property without the consent of her husband. But the questions determined in those cases are not involved in the case at bar. The question now presented is whether a married woman is competent, with the consent of her husband, to become a purchaser of personal estate, in such manner that the husband shall not become chargeable with the price thereof. The statute in express terms provides that she may become seized and possessed of real or personal property, by purchase, in her own name, and as of her own property. To hold that she could thus become the absolute owner of property, over which the husband has no control without her consent, and yet that he should be liable to be sued for the payment of the value of such property, would involve an absurdity. Nor is it necessary to the validity of the contract with the wife, that she should be competent to give a valid promissory note. Payment may be made in many other forms.

Such being the situation of the parties, the question to

whom the goods were actually sold and credit given by the plaintiff, was distinctly presented to the jury. Whatever may have been said by the Judge in relation to the liability of the wife, or her right to employ her husband as clerk, were immaterial to the issue then before the Court, though it would be difficult to perceive why, if the wife has the power to release to the husband the right of control of her property, she might not employ him in the subordinate capacity of clerk. But the jury were simply asked to decide whether the credit was given to the husband, and they have decided that question in the negative. Whether the evidence warranted that decision, we are not called upon to determine. In the instructions no error is perceived. The exceptions are therefore overruled.